### WAR FINANCE CORPORATION *v.* MILLER.

GILBERT, J.   The War Finance Corporation filed a petition in equity against J. N. Miller et al., alleging that petitioner had loaned a large sum of money to the Citizens Bank of Waco, the bank's notes for which were renewed from time to time as they became due; that the bank having failed to pay the said sums of principal and interest due on October 15, 1925, petitioner made demand upon defendants, who were directors in the bank and had guaranteed the payment of said loans in writing, when they failed to pay the same, and default was made on the part of the bank and said guarantors, said bank having procured the contract of guaranty and the same being its joint obligation; that said bank has failed and been taken over by the State superintendent of banks for liquidation, is insolvent, and its property will pay a very small part of its debts; that said superintendent is preparing to assess said guarantors 100 per cent. of their holdings of stock in the bank, which holdings constitute about 90 per cent. of the stock.   The contract of guaranty attached to the petition provides:   "Demand for payment, notice of default or non-payment, protest, and notice of protest, as to any obligation arising hereunder is waived.   It is agreed that the War Finance

Guaranty, 28 C. J. p. 1017, n. 83; p. 1019, n. 11.

Corporation shall not be required to first proceed against or exhaust its remedies against said debtor before proceeding to collect under this instrument, but the parties hereto do obligate themselves jointly and severally to pay promptly, upon written or verbal request therefor, any and all sums or amounts due and owing to the War Finance Corporation by said debtor during the life of this agreement, the same as if said obligations were direct and primary obligations of the below subscribed." *Miller* demurred to the petition generally and specially. On the hearing the court sustained the demurrer and dismissed the petition as to the demurrant. This is the judgment excepted to. As we construe the judgment, the court did not rule on the special demurrers, and therefore these need not be stated. *Held,* that the petition set out a cause of action, and the court erred in sustaining the general demurrer. The allegation' as to the default in payment, as against a general demurrer, was sufficient to allege that the amount named was due and unpaid at the time the suit was filed.

*Judgment reversed. All the Justices concur.*

No. 5688. MARCH 17, 1927.

Equitable petition. Before Judge Irwin. Haralson superior court. August 28, 1926.

*Price Edwards* and *Walter Matthews,* for plaintiff.

*J. M. McBride,* for defendant.